IN RE GREEN.

(No. 81AP-821—Decided March 4, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Dennis Belli,* for appellee.

*Mr. James Kura,* county public defender, and *Mr. W. Curtis Stitt,* for appellant.

McCORMAC, J. Delisa Green, appellant herein, age fourteen, was charged with an act of delinquency in Franklin County Juvenile Court for commission of the offense of aggravated murder. Prior to trial, her attorney filed a motion to suppress statements made by her to Columbus Police Department officers. The motion was overruled.

An adjudicatory hearing was held on August 20, 1981, at which time the state moved to amend the charge of aggravated murder to one of murder and to strike the factual allegations in the complaint that defendant caused Donald Smith's death while attempting to commit robbery, which amendment was permitted. The state then discovered that a key witness had not appeared and they could not secure her presence by capias. On the basis of the absence of that witness, the state moved the court to amend the complaint of murder to one of voluntary manslaughter, alleging "that the child, while under extreme emotional stress, brought on by serious provocation reasonably sufficient to incite her to use deadly force, did knowingly cause the death of another." The second amended complaint was accepted by the court without objection.

The following procedure then took place in disposition of the complaint:

"Mr. Martin, it is my understanding that, based on this amendment to the affidavit, that your client now wishes to amend her plea to this charge from one of not guilty to guilty?

"MR. MARTIN: Your Honor, in discussing the matter with the Prosecutor and discussing it with my client, we have agreed to enter a no contest plea to the charge of voluntary manslaughter. I have advised Delisa that she has the right to a trial and has the right to have the State prove her guilty beyond a reasonable doubt and has the right to present witnesses and the right to remain silent. If she enters a no contest plea, she admits the allegations contained in the complaint. She realizes this and she realizes she will not have a formal trial, and that the likelihood — the probable result would be a permanent commitment to the Ohio Youth Commission where they could keep her up until age 21.

"THE COURT: Are you willing to waive the hearsay rule and the rule of sworn testimony and permit the party to proceed on the police report?

"MR. MARTIN: Yes, we are, Your Honor. We have agreed with Mr. Belli to present no mitigating circumstances.

"THE COURT: Does the Prosecutor have the police report?

"MR. BELLI: Yes, Your Honor. There is a summary and an extensive investigation in that folder.

"THE COURT: The Court, at this

time, will make a finding of guilty on the charge of voluntary manslaughter under Section 2903.03 of the Ohio Revised Code."

The court committed Delisa Green permanently to the Ohio Youth Commission.

Delisa Green has appealed, asserting that the trial court erred in overruling her motion to suppress her statements to the police. Her assignments of error deal only with the correctness of the court's ruling on the motion to suppress.

The state argues that the no contest plea of appellant constituted an admission of the allegations of the second amended complaint and a waiver of any error in the ruling of the trial court on the pretrial motion to suppress.

Juv. R. 29(C) provides as follows:

"Entry of admission or denial. The court shall request each party against whom allegations are made in the complaint to admit or deny the allegations. A failure or refusal to admit the allegations shall be deemed a denial."

There is no provision in the Juvenile Rules for guilty, not guilty, or no contest pleas. The only response to the allegations of a juvenile complaint are admission or denial of the allegations.

Juv. R. 29(D) and (E) provide as follows:

"(D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining that:

"(1) He is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; and

"(2) He understands that by entering his admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing.

"The court may hear testimony, review documents, or make further in-quiry, as it deems appropriate, or it may proceed directly to the action required by subdivision (F).

"(E) Initial procedure upon entry of a denial. If a party denies the allegations, the court shall:

"(1) Direct the prosecuting attorney or another attorney-at-law to assist the court by presenting evidence in support of the allegations of a complaint;

"(2) Order the separation of witnesses, upon request of any party;

"(3) Take all testimony under oath or affirmation in either question-answer or narrative form; and

"(4) Determine the issues by proof beyond a reasonable doubt in juvenile traffic offense, delinquency, and unruly proceedings, by clear and convincing evidence in dependency, neglect, and child abuse proceedings, and by a preponderance of the evidence in all other cases."

The procedure for pleas in juvenile court in relation to a delinquency complaint differs substantially from the pleas provided by Crim. R. 11 in an adult criminal proceeding. Crim. R. 11 expressly authorizes guilty, no contest and not guilty pleas. A plea of guilty is a complete admission of the defendant's guilt. Crim. R. 11(B)(1). A plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment. Crim. R. 11(B)(2). There is no statement in Crim. R. 11 that a no contest plea results in a waiver of a defendant's right to challenge evidence against him as is specifically provided for by Juv. R. 29(D)(2) in relation to an admission of allegations of the complaint. Instead, Crim. R. 12(H) specifically preserves the right of defendant to appeal an erroneous ruling on a pretrial motion to suppress. There is no comparable provision in the Juvenile Rules. Moreover, there is no provision in Juv. R. 29 that a plea of guilty is a complete admission of the defendant's guilt which would require no further production of evidence as is provided by Crim. R. 11. Despite an ad-

mission of the allegations of the complaint, the court may hear testimony or make further inquiry.

Juv. R. 29(C) provides that a failure or refusal to admit the allegations shall be deemed a denial. An "admission" of the nature provided by the adult of a no contest plea constitutes something less than a total admission of the allegations of the complaint without any right to challenge the evidence to be used, including evidence which the trial court has refused to suppress at a pretrial motion hearing as is contemplated by Juv. R. 29.

Apparently, although it is not completely clear from the transcript, the no contest plea was entered on the basis that appellant would be able to appeal the trial court's ruling on the pretrial motion to suppress as would be true in an adult criminal case. However, juvenile procedure is clearly different and there are different ramifications for admissions in a juvenile case than in an adult case. The trial court failed to inquire of appellant personally to determine whether the "no contest plea," a plea not recognized by the Juvenile Rules, was intended to be an admission and, if so, that appellant understood that she was waiving her rights to challenge all evidence used against her.

Consequently, the trial court erroneously disposed of the case based upon the no contest plea. The no contest plea was not the unequivocal admission of the allegations of the complaint contemplated by Juv. R. 29(D). Being something less than an admission, it must be construed as a denial. The court was required to have the prosecuting attorney prove the issues of delinquency beyond a reasonable doubt. Juv. R. 29(E)

It is premature for us to rule upon the assignments of error raised in appellant's brief, which relate only to the correctness of the trial court's ruling on the motion to suppress. The appellant has established, by direct appeal, that the procedure used by the trial court was prejudicial to her rights in being construed as an admission of the allegations of the complaint which negated the obligation of the state to prove the allegations beyond a reasonable doubt.

The case is remanded to juvenile court for further procedure consistent with this decision.

*Judgment reversed*
*and case remanded.*

STRAUSBAUGH, J., and WHITESIDE, P.J., concur.