**In re FLYNN.**

[Cite as *In re Flynn* (1995), 101 Ohio App.3d 778.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67676.

Decided May 25, 1995.

*Jane M. Varga,* for appellant.

*Stephanie Tubbs-Jones,* Cuyahoga County Prosecuting Attorney, and *Robert Glickman,* Assistant Prosecuting Attorney, for appellee.

PORTER, Judge.

Appellant Billie Flynn, a minor of fourteen years of age, appeals from an order of the Juvenile Court finding him delinquent and committing him to the Ohio Department of Youth Services for six months after he admitted to the charge of possession of cocaine in violation of R.C. 2925.11(A), a fourth degree felony, and to the charge of drug abuse, a violation of R.C. 2925.11(C), a fourth degree misdemeanor. Appellant contends the court erred in accepting appellant's admission without substantiation of the facts, and without properly complying with Juv.R. 29(D). We find merit to this appeal and reverse and vacate the admission, and remand for further proceedings.

Appellant appeared in Juvenile Court on June 2, 1994, before Referee David Novak, who explained the appellant's rights pursuant to Juv.R. 29. Appellant denied the allegations of the complaint. The referee prepared a report and journal entry signed by Judge Leodis Harris acknowledging this fact. The referee set a pretrial hearing on June 9, 1994, and assigned appellant counsel from the Public Defender's Office.

On June 9, 1994, appellant appeared in Judge Harris's courtroom with assigned counsel. After discussion with the prosecuting attorney, the parties appeared before Referee Dana Chavers where appellant, through counsel, withdrew his previously entered denial and entered an admission to the complaint. Prior to accepting the admission, the referee inquired if counsel had advised appellant of all his rights. Counsel acknowledged that appellant had been so advised. The referee then asked appellant if he had any questions, to which appellant replied, "No sir." The referee further asked appellant if he was aware that by entering an admission there would be no trial and inquired whether he was threatened or promised anything in order to gain his admission. He also asked the appellant if the complaint against him was accurate, to which he replied, "Yes." After this questioning of appellant and his counsel, the referee agreed to recommend that the court accept the admission.

The referee then proceeded directly to disposition, hearing the recommendation from the representative of the Ohio Department of Youth Services. The representative informed the court that appellant had previously been committed to the Ohio Department of Youth Services on July 1, 1993 on a charge of receiving stolen property. It was explained that appellant was arrested on the instant drug charge while on parole for the previous offense.

After hearing from all of the parties, the referee recommended that appellant be committed to the Department of Youth Services for a minimum of six months. Appellant again indicated that he had no questions about these developments.

On June 27, 1994, the court accepted the referee's recommendation and issued a journal entry reflecting compliance with Juv.R. 29(D) and noted that appellant was advised of his right to file written objections to the referee's recommendation, but failed to do so.

Appellant's sole assignment of error states, as follows:

"I. Whether the trial court erred in accepting the appellant's admission where the admission was not substantiated by any articulable facts and where the trial court made only a cursory inquiry as to appellant's full understanding of what rights he waived by entering an admission."

Appellant essentially argues that his admission of guilt to the charge did not comply with the requirements of Juv.R. 29(D).

As in a criminal case in which a defendant offers a plea of guilty pursuant to Crim.R. 11(C), the juvenile court must, pursuant to Juv.R. 29(D), make a careful inquiry before accepting an admission in a juvenile case. *In re Green* (1982), 4 Ohio App.3d 196, 198, 4 OBR 300, 301, 447 N.E.2d 129, 130.

Juv.R. 29(D) provides in part:

"The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining that:

"(1) He is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; and

"(2) He understands that by entering his admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing."

While an admission in a juvenile case is not deemed to be a guilty plea under Crim.R. 11(C), it is a waiver of the right to challenge the allegations raised in the complaint. *State v. Penrod* (1989), 62 Ohio App.3d 720, 723, 577 N.E.2d 424, 425; *In re Allen* (Jan. 13, 1994), Cuyahoga App. No. 64441, unreported, 1994

WL 11326. Our review, however, of the juvenile adjudication hearing is similar to that of a Crim.R. 11(C) hearing.

■■ In determining whether a guilty plea is voluntarily, intelligently and knowingly made, courts look to the totality of the circumstances. *State v. Calvillo* (1991), 76 Ohio App.3d 714, 719, 603 N.E.2d 325, 328; *State v. Carter* (1979), 60 Ohio St.2d 34, 14 O.O.3d 199, 396 N.E.2d 757; *State v. Billups* (1979), 57 Ohio St.2d 31, 11 O.O.3d 150, 385 N.E.2d 1308. It is clear that the trial court need not inform the defendant of each element of the offense, but must ensure that he understands the charge brought against him. *State v. Rainey* (1982), 3 Ohio App.3d 441, 442, 3 OBR 519, 520, 446 N.E.2d 188, 190:

"In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are [*sic*] such that the trial court is warranted in making a determination that the defendant understands the charge. In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court. See unreported decisions of this court in *State v. Moore* (Feb. 5, 1981), No. 80AP–643, [1981 WL 2982], and *State v. Kimble* (Aug. 23, 1979), No. 79AP–71."

Looking at the totality of the circumstances, there can be no doubt that appellant understood the charges against him. On June 2, 1994, the charges were read to him by the referee who explained all of his rights under Juv.R. 29. On June 9, 1994, prior to accepting the admission, the referee literally asked appellant if the complaint was accurate. He acknowledged that what was alleged was true without question or hesitation.

■ Although we find that the appellant understood the charges against him, a review of the totality of the circumstances indicates the lower court did not adequately explain to the appellant the rights he was waiving by choosing to enter an admission. Recently in *In re McKenzie* (Mar. 30, 1995), Cuyahoga App. No. 67843, unreported, 1995 WL 143553, this court held:

"Juv.R. 29 requires the judge to address the youth personally and conduct an on the record exchange to determine whether the admission is knowing and voluntary. *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292 and C–910404, unreported [1992 WL 5843]. *In re Green* (1982), 4 Ohio App.3d 196, 198 [4 OBR 300, 301, 447 N.E.2d 129, 130]; see *In re Smith* (1991), 77 Ohio App.3d 1, 15 [601 N.E.2d 45, 54]. Such an on the record personal exchange is required for a valid guilty plea pursuant to Crim.R. 11(C)(2). *McCarthy v. United States* (1969),

394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, *State v. Caudill* (1976), 48 Ohio St.2d 342 [2 O.O.3d 467, 358 N.E.2d 601]; *State v. Ballard* (1981), 66 Ohio St.2d 473 [20 O.O.3d 397, 423 N.E.2d 115].

"The prosecutor must affirmatively demonstrate that the requirements of Juv.R. 29(D) or Crim.R. 11(C)(2) were met. *Id.* Representations by the defendant's attorney that the defendant understood the rights waived and the consequences of his plea, are not sufficient to demonstrate a knowing and voluntary waiver. *State v. Caudill, supra; McCarthy, supra.*" *Id.* at 3–4.

A review of the record and the totality of circumstances indicates the lower court failed to comply with these standards.

Appellant's counsel did acknowledge on the record that he had explained to appellant his rights. However, this is insufficient to demonstrate a knowing and voluntary waiver, as the court itself must address the appellant. *In re McKenzie, supra;* Juv.R. 29(D). The court did address the appellant as follows:

"THE COURT: Billie, let me ask you this question, after the conversations you've had with your attorney, do you understand that if you enter an admission today to the two allegations there will be no trial? Has anybody promised you anything today or threatened you in any way to get you to enter admissions to these two allegations?

"BILLIE FLYNN: No, your Honor.

"THE COURT: So, basically, your doing it because uh . . . what happened, the complaints are accurate?

"BILLIE FLYNN: Yes.

"THE COURT: All right, and you're comfortable entering an admission today or admissions?

"BILLIE FLYNN: Yes."

This colloquy falls short of apprising appellant of his rights pursuant to Juv.R. 29(D). Juv.R. 29(D) requires that the court determine whether the appellant is aware "he is waiving his rights to challenge witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing." It is doubtful that a fourteen-year-old child understands that a trial would encompass these rights.

Furthermore, although the appellant also signed a form in which he waived his rights, this does not constitute a substitute for the court's duty to address the appellant. *State v. Luhrs* (1990), 69 Ohio App.3d 731, 735, 591 N.E.2d 1251, 1253; *State v. Thomas* (1990), 67 Ohio App.3d 127, 132, 586 N.E.2d 198, 201. Since the court's acceptance of appellant's admission did not comply with Juv.R. 29(D), it is not valid.

784

■ Although the appellant failed to file an objection to the referee's recommendation, this does not prevent our review of the voluntariness of his plea. "Civ.R. 53(E)(5) allows a party to object to a referee's report, but the filing of a particular objection is not a prerequisite to a trial or appellate court's finding of error in the report." *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 5, 615 N.E.2d 617, 619, citing *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 2 OBR 653, 443 N.E.2d 161. See, also, *Polen v. Prines* (1990), 69 Ohio App.3d 631, 636, 591 N.E.2d 731, 734.

Accordingly, this assignment of error is sustained.

The decision of the trial court is reversed and this cause is remanded for further proceedings.

*Judgment accordingly.* ·

PATTON, C.J., and JAMES D. SWEENEY, J., concur.