OPINION
Appellant Thomas Ohler, a minor, appeals from an order of the Cuyahoga County Common Pleas Court, Juvenile Division, adjudging him delinquent. The court committed appellant to the custody of the Ohio Department of Youth Services for a minimum of twelve months based on his admission to the allegations of a complaint that charged him with felonious assault, an offense that would constitute a second degree felony if committed by an adult. Appellants single assignment of error contends:
 THE APPELLANT DID NOT ENTER A KNOWING, INTELLIGENT AND VOLUNTARY ADMISSION TO THE COMPLAINT OF FELONIOUS ASSAULT WHEN THE TRIAL COURT FAILED TO DETERMINE THAT THE APPELLANT UNDERSTOOD THE NATURE OF THE ALLEGATIONS AND THAT THE APPELLANT UNDERSTOOD THAT HE WAS WAIVING HIS CONSTITUTIONAL RIGHTS WHEN ENTERING AN ADMISSION.
The juvenile court did not determine that appellant understood the nature of the allegations against him, the consequences of his admission and the rights he would waive before the court accepted his admission. Therefore, the court's order must be reversed and this matter remanded for further proceedings.
On September 11, 1997, a complaint was filed against appellant, a sixteen-year-old child, which alleged appellant was a delinquent because he had "knowingly caused or attempted to cause physical harm to William Barrett by means of a deadly weapon * * * to wit: a folding butterfly knife," in violation of R.C. 2903.11(A)(2). The complaint originally stated that this offense was "Assault, a felony of the second degree." At appellant's arraignment on October 28, 1997, the court amended the complaint to read "Felonious Assault."
On November 6, 1997, the court held a hearing on the felonious assault charge and four other complaints then pending against appellant. At the hearing, the court first arraigned appellant on charges of grand theft and escape. Appellant's counsel advised the court that appellant was "going to enter admissions to both of those complaints." The court then addressed appellant as follows:
 THE COURT: Okay. Now Thomas, before you do that, I need to advise you as to the possible consequences of making a plea and the constitutional rights you give up when you make such a plea.
 You have a third and a fourth degree misdemeanor [sic] here. For third and fourth degree misdemeanors —
 MR. (UNIDENTIFIED): Felonies, Your Honor.
* * *
 THE COURT: You have felonies here. What am I talking about? So third and fourth degree felonies and for those crimes you have a possibility of a minimum of six months incarceration on each charge, maximum to age twenty-one (21). You have constitutional rights that you give up by making a plea, which involve having a full trial on-all of the charges, having competent legal counsel. You have one of the best of attorneys [sic] in these parts representing you. And at such a trial, he would cross-examine witnesses against you, challenge the evidence against you. He would offer evidence on your behalf, he would have you testify perhaps or perhaps he would have you refrain from testifying without it being held against you. And he would demand that the prosecutor prove his case beyond a reasonable doubt before there could be a conviction on these charges.
 Now, you give up those constitutional rights when you enter an admission. * * *
After appellant admitted to those charges, the following colloquy took place:
 THE COURT: All right. So we got a second degree felony here of assault with a dangerous weapon.
 MR. (UNIDENTIFIED): That's correct.
 THE COURT: Okay. And what's the status of this charge?
 MR. (UNIDENTIFIED): I believe that he's willing to admit to that charge. In connection with that admission, the State is willing to dismiss the petty theft charge in case 9713420.
* * *
 THE COURT: Okay. Thomas, the same possible consequences, except with the second degree felony, there's a minimum possible incarceration of one year rather than six months and maximum to age twenty-one (21) and the same constitutional rights apply. Before you enter a plea to those charges, consult again with your lawyer.
* * *
 THE COURT: Thomas, do you admit or deny the second degree felony of assault with a deadly weapon?
MASTER OHLER: Admit.
THE COURT: You do that knowingly and willingly?
MASTER OHLER: Yes.
 THE COURT: Okay. The Court will accept the admission as knowingly and willingly made. He's adjudicated to be delinquent on that charge. * * *
Appellant argues that the court did not substantially comply with Juv.R. 29(D) in accepting his admission to the complaint. Juv.R. 29(D) provides:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
This court's review of a juvenile's admission to the allegations of a complaint is similar to the review accorded a guilty plea pursuant to Crim.R. 11(C). In re Flynn (1995),101 Ohio App.3d 778, 782. The court must look to the totality of the circumstances to determine whether the plea is voluntarily, intelligently and knowingly made; although the court need not inform the juvenile about each element of the offense, the court must ensure the juvenile understands the charge. Id., citingState v. Rainey (1982), 3 Ohio App.3d 441, 442.
A review of the record and the totality of the circumstances in this case does not demonstrate appellant entered a knowing, voluntary and intelligent admission. The court entirely failed to explore appellant's understanding of the allegations against him. Furthermore, although the court explained the consequences of the admission and the rights appellant would waive by entering an admission, the court made no effort to determine whether appellant understood these matters. Therefore, the court's acceptance of appellant's admission did not comply with Juv.R. 29(D) and is not valid. See In re West (June 4, 1998), Cuyahoga App. No. 72599, unreported.
Accordingly, appellant's assignment of error is sustained. The juvenile court's decision is reversed, and this cause is remanded for further proceedings.