JOURNAL ENTRY AND OPINION
Theresa Butts, the mother of David Butts, a sixteen-year-old minor, appeals from a May 12, 2000 order of the Juvenile Court which approved the magistrate's decision adjudicating David Butts a delinquent and committing him to the Ohio Department of Youth Services until his twenty-first birthday. Ms. Butts asserts on appeal David did not knowingly, intelligently and voluntarily admit the allegations. The State of Ohio has conceded that he did not voluntarily admit to aggravated robbery which included a gun specification or improperly discharging a firearm. After carefully considering Ms. Butt's claims, we affirm as to the charge for intimidation, but reverse the decision of the Juvenile Court as to Butt's admissions to the charges for aggravated robbery and discharging a firearm and remand the matter for further proceedings.
The history of this case reveals that on April 4, 2000, the State of Ohio filed a complaint against David Butts alleging conduct, which if committed by an adult, would have constituted aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, which included a gun specification, improperly discharging a firearm in violation of R.C. 2923.161, a felony of the third degree, and intimidation of a witness in violation of R.C. 2921.04(B), also a felony of the third degree.
On April 7, 2000, the court conducted a hearing where it explained both the nature of the charges to David, as he is not able to read, and his constitutional rights. Thereafter, on May 11, 2000, the court conducted an arraignment where the State withdrew the motion to bindover David as an adult for his admission to the charges. During the hearing, the court instructed David as to his constitutional rights. As it relates to the charge for aggravated robbery, the court stated:
 THE COURT: * * * Now in case 0003750, David, * * * you were involved in a robbery on April 4th on Tate Avenue in Cleveland, Ohio involving Gregory Peters, do you admit to that?
 MASTER BUTTS: I was there but I didn't know Aaron was going to pull out the gun. As I was saying before, I admit to that. Yes, I was there.
* * *
 THE COURT: Okay. All right, we'll accept your admission there. * * *.
As to the charge against Butts for discharging a firearm, the record states:
 THE COURT: * * * Did you fire a gun into a house there?
MASTER BUTTS: No, I did not. I wasn't even there.
THE COURT: Wasn't even there?
MASTER BUTTS: No.
 MR. SMITH: He either makes an admission or we go forward with a bindover hearing.
 MS. BUTTS: Do what the attorney says and we'll go from there.
 MASTER BUTTS: Yes. He tells me to say yes, but I didn't do it.
MS. BUTTS: Just say you were there.
MASTER BUTTS: Yes, I was there.
* * *
 THE COURT: All right, we'll accept your admission. The intimidation too? * * * THE COURT: All right, it says — the last one says the next day you threatened Gregory Peters.
MASTER BUTTS: Yes.
THE COURT: You admit to that?
MASTER BUTTS: Yes.
Thereafter, the court journalized an order committing David to the Ohio Department of Youth Services. Ms. Butts now appeals from that order and raises three assignments of error for our review which are discussed together. They state:
 I. THE COURT IMPROPERLY ACCEPTED THE PLEA OF ADMISSION TO THE AGGRAVATED ROBBERY CHARGE BECAUSE THE CHILD DID NOT, UNDER [THE] TOTALITY OF CIRCUMSTANCES REVIEW, UNDERSTAND WHAT HE WAS ADMITTING TO.
 II. THE COURT IMPROPERLY ACCEPTED THE ADMISSION TO THE CHARGE OF IMPROPERLY DISCHARGING FIREARM BECAUSE THE CHILD DID NOT, UNDER THE TOTALITY OF CIRCUMSTANCES, UNDERSTAND WHAT HE WAS ADMITTING TO.
 III. THE COURT IMPROPERLY ACCEPTED THE ADMISSION TO THE CHARGE OF INTIMIDATION OF CRIME VICTIM BECAUSE THE PLEA HEARING WAS DEVOID OF JUSTICE AND SHOULD HAVE BEEN TERMINATED.
Ms. Butts contends David did not knowingly, intelligently and voluntarily admit to the charges, and the court abused its discretion when it accepted his admissions. The State concedes David's admissions for aggravated robbery with a gun specification and improperly brandishing a firearm were involuntary, but maintains that his admission to intimidating a witness is not flawed. Thus, the issues here concern whether the court properly accepted the admissions from Butts.
We begin by noting Juv. R.29 provides in part:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving his rights to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
In re Flynn (1995) 101 Ohio App.3d 778, the court stated:
 In determining whether a guilty plea is voluntarily, intelligently and knowingly made, courts look to the totality of the circumstances. * * *. (Emphasis added.) (Citations omitted.)
Viewing the totality of the circumstances in the instant case, we believe David did not voluntarily admit to the charges for aggravated robbery and for discharging a firearm. Initially, he denied both charges until the prosecutor indicated the State's willingness to proceed with a bindover hearing should David fail to admit to the charges. Further, Ms. Butts told David on the record to admit to the charges. He reluctantly complied with his mother's instructions while maintaining his innocence. These admissions are not voluntary, and the trial court abused its discretion when it accepted David's admissions. As it relates to the charge of intimidating a witness, David admits without hesitation he intimated Gregory Peters. We do not believe the trial court abused its discretion when it accepted this admission. Therefore, we affirm the intimidation charge, but we are constrained to reverse the judgment of the court as to the admissions for the charges of aggravated robbery and discharging a firearm and remand the matter for further proceedings.
Judgment affirmed in part; reversed in part and remanded.
It is ordered that appellee and appellant shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ JAMES J. SWEENEY, J.:
KARPINSKI, A.J., and ROCCO, J., CONCUR.