This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Christopher Anderson, appeals from the judgment of the Wayne County Court of Common Pleas, Juvenile Division. We affirm.
 I.
A complaint was filed on August 1, 2001, alleging that Mr. Anderson was delinquent based upon four counts. The counts alleged that Mr. Anderson committed acts on various days between May and June of 2001, which would have constituted three counts of rape, in violation of R.C.2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), had he been an adult at the time of commission. The charges further alleged that Mr. Anderson, born March 16, 1987, committed the acts of rape against three minors born January 28, 1990, November 1, 1991, and August 30, 1993. He was also alleged to have committed the act of gross sexual imposition against the minor born in 1993.
An adjudicatory hearing was held on October 26, 2001. At the hearing, the charge of rape against the minor born in 1990 was amended to a charge of gross sexual imposition. The charge of rape against the minor born in 1993 was dismissed. The other charges remained. At the hearing, Mr. Anderson admitted to the amended charges and was adjudicated delinquent by the trial court. A dispositional hearing was held on January 4, 2002. This appeal followed.
 II.
Mr. Anderson asserts two assignments of error. We will address each one in turn.
 A. First Assignment of Error "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADJUDICATING CHRISTOPHER ANDERSON DELINQUENT BECAUSE THE PROCESS BY WHICH HIS ADMISSIONS WERE OBTAINED DID NOT COMPORT WITH JUV.R. 29 * * *, AND VIOLATED APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION * * *, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION * * *."
In the first assignment of error, Mr. Anderson asserts that the trial court erred in accepting his involuntary admission. Mr. Anderson also asserts that he had ineffective assistance of counsel. We disagree with these assertions.
Juv.R. 29 governs adjudicatory hearings and provides that:
 "Initial procedure upon entry of an admission[:] The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent and to introduce evidence at the adjudicatory hearing." Juv.R. 29(D).
An admission in a delinquency proceeding is analogous to a guilty plea made by an adult in a criminal proceeding pursuant to Crim.R. 11(C). Inre Christopher R. (1995), 101 Ohio App.3d 245, 247. Both Juv.R. 29(D) and Crim.R. 11(C) require a trial court to make a careful inquiry to ensure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly. See In re Flynn (1995), 101 Ohio App.3d 778, 781-82. "In determining whether a guilty plea is voluntarily, intelligently and knowingly made, courts look to the totality of the circumstances." Id. at 782. "Strict adherence to the procedures imposed by these rules is not constitutionally mandated; however, courts have interpreted them as requiring substantial compliance with their provisions." In re Hall, 9th Dist. No. 20658, 2002-Ohio-1107, at ¶ 12.
Mr. Anderson asserts that his admission did not comply with Juv.R. 29 and violated his constitutional rights. He avers that his admission was not voluntary because, when he was first questioned with regard to the allegations as to one of the alleged victims (hereinafter referred to as "victims"), he denied the allegations as to that victim. Mr. Anderson asserts that, thereafter, it was error for his counsel to ask the court for a moment to speak outside the courtroom with his client. Accordingly, he argues that, when he later admitted to the charges in the courtroom, the totality of the circumstances made the confession involuntary. He also asserts that, as his counsel mentioned in the dispositional hearing that he was intellectually limited, his mentality is another factor that makes his admission involuntary.
In the present case, the adjudicatory hearing began with the attorneys noting to the trial court that there was an agreement between the parties and that Mr. Anderson would admit to the charges. The attorney for the state amended the charges, and the court began to address Mr. Anderson, discussing the pending charges. The court informed Mr. Anderson of the possible consequences and penalties associated with the charges. The court also informed Mr. Anderson of the difference between an adjudicatory and a dispositional hearing and told him that, when he admitted to the charges, he was admitting to their truth. The trial court asked whether Mr. Anderson had been promised anything in exchange for his admissions or whether anyone had threatened him in any way. Mr. Anderson replied in the negative to both questions.
When asked whether he had touched one of the victims, Mr. Anderson responded that he touched her on her clothes on her stomach. He denied that he had touched her anywhere else. When Mr. Anderson was informed of the victim's statement to the police, he stated that it did not happen in that way. He explained that he was sitting on the couch when she approached him and that, when he tried to get away, she would not allow him to do so. The following conversation then occurred in the courtroom:
"THE COURT: It doesn't sound like an admission to me[.]
 "[COUNSEL]: Would the Court want me to take Mr. Christopher outside the Courtroom and speak with him one more time[?]
 "THE COURT: I'm going to give these options[.] * * * I don't care what you do that's up to you. * * * You can't have it that you say the charge is true and then say but I didn't do anything. * * * I don't know if there are concerns because your sister's here, or your parents here or whatever. I can't tell your parents to leave. I can have your sister excused because she is not a party to this case, if you don't want to talk in front of her. If you'd be more comfortable with just your lawyer and not your parents that's a decision for you and your parents to make. * * * I have to have a statement as to what happened that day. * * * So yes, I'll give you a few minutes [counsel] and I guess you probably need to explain to your witnesses what's going on."
At that point, the record indicates that a brief recess was taken. When the hearing began again, the court noted that the only change in the courtroom was that Mr. Anderson's sister had left the proceedings. Mr. Anderson's counsel informed the court that he had spoken with his client and had clarified things for him, explaining what an admission constituted. Thereafter, the court explicitly went over each of the statements that the three victims had made to the police and asked Mr. Anderson whether the statements were true. Mr. Anderson stated that each victim's statement was true.
After Mr. Anderson admitted to the charges, the court informed him that it was important to tell the truth because, by admitting to the charges, he could be placed in the custody of the state and not be able to return home again. The court told Mr. Anderson that, if he had any questions, he could discuss them with his lawyer or parents. The court also told him that he had the right to remain silent. For a second time, the court went over the charges, discussing each specific crime and each individual victim. When asked whether the charges were true, again Mr. Anderson stated that they were true. The court asked whether this was a "strong yes" and whether Mr. Anderson had any question in his mind about his admission. Mr. Anderson stated that, in fact, it was a "strong yes" and that he had no questions as to his admission. The court informed Mr. Anderson that, by admitting the charges, he would no longer be able to challenge whether he committed the acts. After this extended conversation with Mr. Anderson, the court asked him if he still wanted to admit to the charges. Mr. Anderson said that he did want to admit to the charges. His parents also indicated that they were in agreement with the admission of the charges.
Upon consideration of the record, we find that Mr. Anderson's admission was voluntarily, intelligently, and knowingly made based upon the totality of the circumstances. Pursuant to Juv.R. 29(D)(1), the trial court determined that Mr. Anderson made his admission voluntarily and with an understanding of the nature of both the allegations and the consequences of an admission. Pursuant to Juv.R. 29(D)(2), the trial court determined that Mr. Anderson understood that, by entering an admission, he was waiving his right to challenge witnesses and the evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing. Mr. Anderson did have a discussion with his lawyer outside the record whereupon Mr. Anderson's sister left the courtroom and his counsel informed the court that he had explained what an admission constituted, as reflected by the dialogue in the courtroom. Thereafter, the trial court did not accept the admission until after it had followed the dictates of Juv.R. 29(D). Not only did the trial court go over the charges once before Mr. Anderson entered an admission but it also went over the charges a second time, asking Mr. Anderson if he was certain that the charges were true and whether he was confident that he wished to enter an admission.
Moreover, while Mr. Anderson is correct in that a juvenile court may consider a juvenile's mental capacity in determining whether his waiver of Juv.R. 29(D) rights was knowing, intelligent, and voluntary, see In rePope, 1st Dist. No. C-010306, 2002-Ohio-241, at ¶ 17, we note that we are not certain that, from the context of the statement regarding Mr. Anderson's alleged intellectual limitation, whether he in fact has mental limitations or whether his counsel was merely referring to the fact that Mr. Anderson should not be sent to the Department of Youth Services because, in counsel's opinion, in comparison with the other people at the institution, Mr. Anderson had limited knowledge. Further, even were Mr. Anderson intellectually limited in some way, the court carefully went over the charges and complied with Juv.R. 29(D), determining that Mr. Anderson had been meaningfully informed of his rights and also ensuring that Mr. Anderson understood the implications of his admission before it was accepted by the court.
Mr. Anderson also asserts that, when he first did not admit to the truth of the statement made by one of victims, his actions should have constituted a denial, thereby obligating the court to follow the procedures required upon an entry of a denial. This argument is without merit. Upon reviewing the record, it is apparent that Mr. Anderson did not deny all of the allegations as alleged but, rather, changed his mind as to the allegations involving one of the victims in the middle of his plea entry, following a comment by the court and a discussion with Mr. Anderson's lawyer. Mr. Anderson did not enter a denial of the charges and, in fact, had not completed his answer as to his plea when there was a break in the courtroom proceedings which was followed by Mr. Anderson's clear and unequivocal admission as to all of the charges. Further, while we do not agree that Mr. Anderson entered a denial of the charges, even if he had denied the allegations regarding one of the victims, he was free to later change his mind and enter an admission to those charges.
Finally, Mr. Anderson avers that he had ineffective assistance of counsel because his counsel induced his admission in a manner similar to that of counsel in the case of In re Terrance P. (1998),129 Ohio App.3d 418. "An appellant must show that his counsel's representation fell below an objective standard of reasonableness by presenting evidence of specific acts or omissions." Id. at 426, citing toStrickland v. Washington (1984), 466 U.S. 668, 688, 80 L.Ed.2d 674. In Inre Terrance P., the attorney was found to have been ineffective when he asked the court for permission to question the minor defendant, elicited incriminating responses from the minor on the record, was referred to by the court as "[y]our [h]onor," and asked by the court if counsel was satisfied with the elements. 129 Ohio App.3d at 426.
Mr. Anderson asserts that his counsel's actions were comparable to that of the attorney in In re Terrance P. because his attorney allegedly induced him into admitting to the charges; however, we find that, unlike counsel in In re Terrance P., the attorney in the present case did not elicit the incriminating responses from his client on the record. Rather, Mr. Anderson's attorney asked for time to talk with his client, and, thereafter, when the hearing was on the record, Mr. Anderson's counsel acted as his counsel during the proceedings with only the trial court questioning Mr. Anderson with regard to the charges. Moreover, to the extent that the assertion relates to the discussion with counsel held off the record, Mr. Anderson's assertion is not properly before this court at this time because it depends upon matters not in the record, as such assertion concerns the private conversation between Mr. Anderson and his counsel. See, generally, State v. Barnett (1991), 73 Ohio App.3d 244,249. Accordingly, Mr. Anderson has not demonstrated that his counsel's representation was deficient.
Upon review, we find that the trial court substantially complied with Juv.R. 29 and did not err in accepting Mr. Anderson's admission to the charges. See In re Hall at ¶ 12. Mr. Anderson's admission was voluntary, intelligent, and knowing, based upon the totality of the circumstances. See In re Flynn, 101 Ohio App.3d at 782. Furthermore, he did not have ineffective assistance of counsel. Mr. Anderson's first assignment of error is overruled.
 B. Second Assignment of Error "THE APPELLANT'S ADJUDICATION OF DELINQUENCY WAS LEGALLY INCORRECT, INSOFAR AS IT WAS BASED ON CHARGES OF GROSS SEXUAL IMPOSITION, BECAUSE ONE OF THE NECESSARY ELEMENTS OF THAT CHARGE WAS NEVER DISCUSSED AT THE ADJUDICATORY HEARING. APPELLANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER U.S. CONST. AMENDS. XIV
AND VI * * *, AND OHIO CONST. ART. I, § 10 * * * WERE THUS VIOLATED."
In the second assignment of error, Mr. Anderson asserts that the trial court erred in adjudicating him delinquent. Specifically, he asserts that, because the trial court addressed the charges at length with Mr. Anderson, the court was treating Mr. Anderson's plea as a denial, not an admission; consequently, it was error for the court to not discuss each individual element of each charge with the minor. Mr. Anderson asserts that, as a result, there is an absence of evidence going to one of the essential elements of the charge of gross sexual imposition. We disagree.
Juv.R. 29(D) places an affirmative duty upon a juvenile court to personally address a juvenile and determine that the juvenile understands the nature of the allegations and the consequences of entering an admission. In re Beechler (1996), 115 Ohio App.3d 567, 571. In other words, a trial court must determine whether a juvenile adequately understands his or her rights and the effect of admission. See, generally, In re West (1998), 128 Ohio App.3d 356, 359. While the court must ensure that a juvenile understands a charge, the court need not inform a juvenile about each element of an offense. In re Flynn,101 Ohio App.3d at 782, citing State v. Rainey (1982), 3 Ohio App.3d 441, 442.
First, we disagree that the court was treating Mr. Anderson's plea as a denial merely because the court discussed the charges at length with Mr. Anderson. As provided in Juv.R. 29(D), once a court follows the initial procedure required upon an entry of admission, "[t]he court may hear testimony, review documents, or make further inquiry, as it considers appropriate[.]" In the present case, the court had the ability, pursuant to Juv.R. 29(D), to make further inquiry of Mr. Anderson to ensure that the juvenile understood the nature of the allegations to which he was admitting.
Second, as discussed in the first assignment of error, the trial court substantially complied with Juv.R. 29(D), addressing Mr. Anderson personally and determining that he was making his admission voluntarily, with an understanding of both the allegations and the consequences of entering an admission. Therefore, as the court ensured that Mr. Anderson had an understanding of the charges brought against him, the trial court was not required to give a lengthy explanation of each element of each offense. See In re Flynn, 101 Ohio App.3d at 782. Mr. Anderson's second assignment of error is overruled.
 III.
Mr. Anderson's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.
BAIRD, P.J., CARR, J. CONCUR.