[Cite as *In re T.W.*, 2016-Ohio-8371.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN RE: T.W., A MINOR CHILD | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 16-CA-38 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Licking County
                                    Court of Common Pleas, Juvenile
                                    Division A2015-0632



JUDGMENT:                           Reversed and Remanded



DATE OF JUDGMENT:                   December 20, 2016



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH W. OSWALT                     MICHEAL P. WALTON
Licking County Prosecutor             VICTORIA BADER
                                      Assistant State Public Defender
By: KARRIE PRATT KUNKEL               250 East Broad Street, Suite 1400
Assistant Prosecuting Attorney        Columbus, Ohio 43215
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Baldwin, J.*

{¶1}    Appellant T.W. appeals a judgment of the Licking County Common Pleas Court, Juvenile Division, revoking his probation and sentencing him to a commitment of one year and six months to the Department of Youth Services (DYS).  Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}    On October 26, 2015, a complaint was filed in the Licking County Common Pleas Court, Juvenile Division, alleging that appellant was delinquent by reason of eight counts of rape.  Counsel for appellant filed a motion for a competency evaluation on November 30, 2015.  The competency report reflected that appellant was unclear about some of the specifics, but seemed to generally understand the nature and purpose of the court proceedings and the potential consequences to him.  The court found appellant competent for the purpose of proceeding in the case.

{¶3}    A change of plea hearing was held on February 19, 2016.  The State amended four of the counts of rape to charges of gross sexual imposition and moved to dismiss two of the remaining counts.  Appellant entered a plea of true to two counts of rape and four counts of gross sexual imposition.  Appellant was committed to DYS for the counts of rape for a minimum of one year, and a maximum not to exceed his twenty-first birthday.  On the findings of gross sexual imposition, he was committed to DYS for a minimum of six months and a maximum not to exceed his twenty-first birthday.  The commitments were ordered to run consecutively.  The court suspended the commitments to DYS, and ordered appellant to be placed in the Butler County Juvenile Rehabilitation Center for sex offender treatment.

{¶4}    The State filed a motion to revoke probation on April 26, 2016, alleging that appellant violated the rules of the rehabilitation center by acting in a violent and threatening manner towards staff and other youth.  At a hearing, appellant indicated to the court that he had reviewed the rights packet he received and did not have any questions.  Counsel for appellant represented to the court that she had reviewed the motion with appellant.  Counsel waived the reading of the complaint, and stated that appellant intended to enter an admission to the probation violation.  The court then informed appellant of the rights he was waiving by his admission, but did not read the complaint or otherwise ascertain that appellant understood the nature of the allegations. Following appellant's admission to the complaint, the court terminated appellant's probation and committed appellant to DYS for a minimum of one year on the counts of rape and a minimum of six months on the counts of gross sexual imposition, all to run consecutively.

{¶5}    Appellant assigns two errors to this Court on appeal:

{¶6}    "I.    THE LICKING COUNTY JUVENILE COURT COMMITTED PLAIN ERROR WHEN IT ACCEPTED T.W.'S ADMISSION TO A PROBATION VIOLATION WHEN HIS ADMISSION WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARY [SIC] MADE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUV. R. 29.

{¶7}    "II.  T.W. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO

CONSTITUTION WHEN COUNSEL FAILED TO OBJECT TO THE JUVENILE COURT'S FAILURE TO COMPLY WITH JUV. R. 29."

I.

{¶8} In his first assignment of error, appellant argues that his plea of true to the probation violation was not knowing, voluntary and intelligent because the trial court did not inform him of the nature of the allegations against him as required by Juv. R. 29(D)(1), which provides:

(D) Initial Procedure Upon Entry of an Admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission[.]

{¶9} In a juvenile delinquency case, the preferred practice is strict compliance with Juvenile Rule 29(D). *In re C.S.,* 115 Ohio St.3d 267, 874 N.E.2d 1177, 2007–Ohio–4919, ¶ 113. However, if the trial court substantially complies with Juv. R. 29(D) in accepting an admission from a juvenile, the plea is deemed voluntary absent a showing of prejudice or a showing that the totality of the circumstances does not support a finding of a valid waiver. *Id.* Substantial compliance for purposes of juvenile delinquency proceedings means that under the totality of the circumstances, the juvenile subjectively understood the implications of his plea. *Id.*

{¶10} The plea colloquy in the instant case did not include a reading of the complaint or a determination by the court that appellant understood the nature of the

allegations. The court did not inform appellant of the substance of the complaint, as counsel represented to the court that appellant would waive a reading of the complaint and intended to enter an admission to the probation violation.

{¶11} Appellee argues that appellant has waived all but plain error by failing to object and waiving the reading of the complaint, citing to this Court's opinion in *In re Argo,* 5th Dist. Muskingum No. CT2003-055, 2004-Ohio-4938. However, subsequent to our decision in *Argo,* we implicitly overruled *Argo* and concluded that based on the Ohio Supreme Court's analysis of similar language in Crim. R. 32(A)(1), the use of the word "shall" in Juv. R. 29 imposes a mandatory obligation on the court to comply with the rule:

> Juv. R. 29(D) provides that the juvenile court "shall not accept an admission" without determining that the juvenile understands the implications of the plea. Like the language in Crim. R. 32(A)(1), the use of the word "shall" connotes the imposition of a mandatory obligation on the court which cannot be waived by a failure to object. We, therefore, conclude that appellant has not waived all but plain error by his failure to object, and the appropriate standard of review to apply is that set forth in *In re C.S.:* whether the trial court substantially complied with Juv. R. 29(D), meaning that under the totality of the circumstances, the appellant subjectively understood the implications of his plea. *In re C.S.* at ¶ 113.

{¶12} *In re David G.,* 5th Dist. Stark No. 2008 CA 00243, 2008 CA 00244, 2009-Ohio-4002, ¶34, citing *In re C.S., supra.*

{¶13} Therefore, in the instant case appellant need not demonstrate plain error, and the issue before us is whether the trial court substantially complied with Juv. R. 29(D),

meaning whether, under the totality of the circumstances, appellant subjectively understood the implications of his plea.

{¶14} The State argues that pursuant to our decision in *Argo,* the trial court did substantially comply with Juv. R. 29(D), as when a defendant is represented by counsel, there is a presumption that counsel explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. However, once again we implicitly overruled this portion of *Argo* in our later decision in *In re David G.,* holding as follows:

> We further reject the state's claims that we can infer appellant understood the charges against him and the rights he was waiving because he was represented by counsel and signed a written waiver form. Representations by the defendant's attorney that the juvenile understood the rights waived and the consequences of the plea are not enough to demonstrate a voluntary and knowing waiver. *In re Flynn* (1995), 101 Ohio App.3d 778, 783, 656 N.E.2d 737. A written waiver form is not a substitute for the court's duty to personally address the juvenile. *In re Royal* (1999), 132 Ohio App.3d 496, 504, 725 N.E.2d 685.

{¶15} *In re David G., supra,* ¶38.

{¶16} In the instant case, the court failed to inform appellant of the probation rule he was alleged to have violated or of the conduct underlying the complaint to revoke his probation. The record does not demonstrate that appellant was subjectively aware of the substance of the complaint or the nature of the allegations. While counsel represented that she had a chance to speak to appellant about the motion, when the court asked

appellant if he understood the possible punishments that could result from the probation violation, he responded that he did not.  Tr. 4/27/16 hearing, p. 9.  The record does not demonstrate that the court substantially complied with Juv. R. 29(D) in accepting appellant's admission.

{¶17}  The first assignment of error is sustained.

II.

{¶18}  Appellant's second assignment of error is rendered moot by our disposition of his first assignment of error.

{¶19}  The judgment of the Licking County Common Pleas Court, Juvenile Division, is reversed.   This case is remanded to that court for further proceedings according to law, consistent with this opinion.  Costs are assessed to appellee.

By: Baldwin, J.

Farmer, P.J. and

Gwin, J. concur.