JOURNAL ENTRY AND OPINION
Defendant-appellant Jackie Miller ("defendant") appeals the decision of the trial court denying her motion to vacate her no contest plea. Defendant argues the trial court abused its discretion and applied the wrong standard of review in denying her motion.
The record shows defendant was indicted in Case No. 349132 for one count of kidnapping, one count of burglary, and one count of grand theft. Defendant was arraigned on September 25, 1997, at which time she entered a plea of not guilty. The case proceeded to trial and on June 15, 1998, voir dire commenced. The next day, before voir dire was finished, defendant told the trial court that she wanted to withdraw her plea of not guilty and plead no contest to the charges. The trial court then conducted a Crim.R. 11 hearing, informing defendant of the rights she was waiving and insuring that defendant was entering her plea voluntarily. Defendant acknowledged the rights she was waiving and indicated she was entering her no contest plea voluntarily. Defendant then pleaded no contest to the charges of kidnapping, burglary, and grand theft. Thereafter, the state revealed the evidence it would have presented if the case had proceeded to trial. This evidence included three eyewitnesses who would identify defendant as participating in a scheme to defraud the victim, a seventy-six year-old woman, out of over $6,100.
On July 13, 1998, defendant appeared in court for sentencing and orally asked to withdraw her previously entered plea of no contest. The trial court asked both parties to submit briefs on the matter in preparation for a hearing. Subsequently, defendant changed attorneys. A month later, on August 27, 1998, defendant filed her motion to withdraw her plea of no contest arguing that she was innocent and that another woman had committed the burglary portion of the crime. In addition, she claimed her plea of no contest was not a knowing and intelligent plea as she was under duress at the time of her plea and was uncertain as to the possible sentence she faced. Also attached to the motion was defendant's affidavit which averred that the other participant in the crime would testify that defendant was not an accomplice. In response, the state filed a brief in opposition to defendant's motion to withdraw her no contest plea. The state argued defendant had dragged the case on for three years for her own benefit and was simply attempting to use new defenses which she has thought up as a way to escape being sent to jail. The state supported this argument with the following facts: (1) defendant pleaded no contest and admitted to the allegations in the indictment; (2) defendant manipulated the system by alleging several defenses and then withdrawing them just before the state investigated them; (3) defendant submitted the name of a witness who was never mentioned before but who allegedly could exculpate her; (4) defendant forced the state to fly in a witness from Alabama and spend other money to prosecute this case and only at the last moment did she agree to plead no contest; and (5) defendant informed the trial court all her troubles could be traced to her drug problem yet, when she was sentenced for crimes in Michigan in 1990, she used the same "I need drug treatment" speech.
On March 10, 1999, a hearing was held. At the hearing, defendant's prior attorney testified the reason he advised defendant to plead no contest was that her alibi was unsubstantiated, a witness who could possibly exculpate her would not talk to him, and her extensive criminal record would be admitted at trial. The attorney stated he believed defendant would not make a good witness because she explained too much and did not have good answers to questions a prosecutor was sure to ask. The attorney also stated that he reviewed a photograph the state possessed which allegedly showed defendant in the bank participating in the crime but the photo actually did not depict defendant in the bank. Further, he said defendant denied participation in the burglary throughout the entire proceeding. At the conclusion of the hearing, the trial court denied defendant's motion to withdraw her guilty plea. Thereafter, defendant was sentenced on all three counts to a total of four years and eleven months in prison.
On April 19, 1999, defendant timely filed her notice of appeal. On appeal, defendant submits a single assignment of error which states as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HER PRE-SENTENCE PLEA AND APPLIED THE WRONG STANDARD OF REVIEW.
In support of her argument that the trial court abused its discretion defendant cites the photographs which showed she was not present in the bank and potential testimony of the co-defendant saying she was not involved in this matter. As to the incorrect standard of review, defendant maintains the trial court incorrectly required her to show her "actual innocence" and that she was "wrongly convicted". She argues Crim.R. 32.1 only requires a "reasonable and legitimate basis for the withdrawal of the plea" and the standard employed by the trial court was unreasonable, and unfair. Regarding the reasonable and legitimate basis, defendant submits discovering, just before trial, that the photograph did not depict her and her affidavit proclaiming her innocence satisfies this burden.
Crim.R. 32.1 provides, in pertinent part, as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The general rule is that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521, 527. However, it is well-established that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Absent an abuse of discretion, the trial court decision must be affirmed. Id. at 527. An abuse of discretion is more than an error of law or judgment, we must find that the trial court's ruling was unreasonable, arbitrary or unconscionable. Id. at 527; State v. Adams (1980), 62 Ohio St.2d 151,157.
State v. Thomas (1990), 67 Ohio App.3d 127, held:
 A trial court does not abuse its discretion in overruling a motion to withdraw the plea: (1) where the accused is represented by highly competent counsel, (2) where the accused was offered a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
In the instant case, the record reflects defendant was represented by highly competent counsel. At her sentencing, defendant stated she was pleased with her attorney as he had done almost everything she had asked. The testimony established that defense counsel vigorously defended defendant. He filed multiple motions, including a motion to suppress the identification procedure, several motions for discovery, and a motion to examine exculpatory and mitigatory material. Defense counsel conducted voir dire, negotiated a plea bargain, and counseled defendant regarding the plea bargain. After attending her sentencing hearing, defense counsel filed a motion to withdraw defendant's no contest plea. At the hearing on the motion to withdraw, defense counsel testified on behalf of defendant although he had been replaced at this time by another attorney.
The record also shows defendant was fully advised in open court, pursuant to Crim.R. 11, of the rights she was waiving and the consequences of pleading no contest. Moreover, the transcript of the plea hearing establishes that defendant was aware that the trial court was going to sentence her to no more than four years and eleven months in jail.
The record also establishes that a full and impartial hearing was afforded to defendant and that the trial court fairly considered defendant's plea withdrawal request. The trial court conducted a lengthy hearing on defendant's motion to withdraw. This hearing included the presentation of an opening argument by defendant, the testimony of defendant's prior defense counsel, and defendant's closing argument. The hearing also included opening and closing arguments by the state and cross-examination of defendant's prior counsel by the state. At the conclusion of the hearing, the trial court denied defendant's motion to withdraw her guilty plea stating in pertinent part:
 "My basic point here is that this is a very intelligent, well-informed decision that was made by an experienced defendant who made the decision on her own and not under pressure from some outside person but only from a sound appraisal of the risks that she was taking and not taking by entering a guilty plea or going to trial.
 So what's left of this is, simply because someone then sees that the case isn't quite as good as she thought it was when she made the decision, should she be allowed to change her mind. Weighing against that is the fact that the State had to put money into this, witnesses had to be brought in and once the plea was entered, witnesses could scatter to wherever they want to go to; one of them at least had to go back to Alabama. I don't see that this situation then, what we have here, is in any way significantly different from when we enter into a settlement agreement in a civil case and the client changes his or her mind and wants to back out of it.
 In this particular case, we went to great lengths to make sure this was a voluntary decision. We did it on the record in front of a court reporter. In addition, a very comprehensive plea agreement was given to the Defendant so she knew all of her rights.
 It seems to me, then, that there is nothing that's presented here other than the fact that the Defendant, after reassessing the situation, thought she had a better chance to win the case than she did at the time she entered into the plea. But, none of that goes to the question of whether one should believe her or not believe her. Because she has no other evidence, really, other than her continued statement that she's innocent, as contrasted with the State's representation that it has witnesses who can identify her.
 So I don't see that the strength or weakness that bears about innocense in this case has changed one bit. I do not see that we have evidence here of a wrongly-convicted defendant. In light of that, then, I'm going to deny the motion."
Although the trial court did not use the exact words from Crim.R. 32.1 that a "manifest injustice" had not occurred, the transcript reflects that the trial court thoroughly and fairly considered all of the evidence, testimony, and arguments at the hearing. The evidence established that defendant was repeatedly informed and made aware of the consequences of her no contest plea. There was also evidence that defendant is experienced in criminal matters as she has a criminal history in five states, has been convicted of multiple theft offenses, and has used over ten alias names throughout her criminal past. As to the present case, defendant was indicted on March 27, 1997 and her motion to withdraw her guilty plea was denied on March 10, 1999, a span of two years. Within this time frame, defendant failed to appear for an arraignment, changed attorneys, filed many continuances, submitted a motion presenting an alibi then withdrew it, argued she was under duress when pleading no contest yet never substantiated this argument, and only changed her plea based on a photograph which did not depict her as participating in one part of a well-planned, complex criminal scheme. Defendant also filed an affidavit which stated she "believed" a co-defendant would testify another woman was the accomplice and not her and that it was this other woman who was the person in the photograph.
Based on the above facts, we agree with the trial court that defendant entered her plea voluntarily, was fully informed of the consequences of entering her plea, and no evidence was presented demonstrating a manifest injustice occurred. Accordingly, we find the trial court did not abuse its discretion in denying defendant's motion to withdraw her plea of no contest. Defendant's sole assignment of error is overruled.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ JOHN T. PATTON, PRESIDING JUDGE
PATRICIA A. BLACKMON, J., ANNE L. KILBANE, J., CONCUR.