**In re DUKES.**

[Cite as *In re Dukes* (1991), 81 Ohio App.3d 145.]

Court of Appeals of Ohio,
Summit County.

No. 15010.

Decided Oct. 2, 1991.

*Lynn Slaby,* Prosecuting Attorney, for Summit County Children Services Board.

*Michael K. Ashar,* for appellants.

*Barbara J. Patterson,* for Ronald Dukes.

*Harry Buechler,* guardian ad litem.

*Douglas Jones,* for the maternal grandparents.

CACIOPPO, Judge.

Appellants, Ruth and Robert Crissman, are the natural mother and stepfather of Christopher Todd Dukes ("Christopher"). They appeal the juvenile court's finding of abuse and subsequent placement of Christopher with his paternal grandparents, with temporary custody in the Summit County Children Services Board ("CSB").

On September 20, 1990, Christopher, then eight years old, was observed with bruises on both arms. Christopher's school principal and school nurse examined the bruises and asked Christopher about their source. Christopher responded that his dog had caused the bruises. The nurse did not believe the bruises were consistent with those caused by a dog. The matter was referred to CSB.

Nancy Crawford, CSB caseworker, and Officer David Calhoun, Sagamore Hills Police Department, went to the school as a result of the referral. They interviewed Christopher and examined the bruises, several of which appeared to be caused by a thumb and fingers. Crawford and Calhoun determined that a medical opinion was necessary.

Christopher's mother and stepfather were contacted. Christopher's mother denied any abuse and refused to allow a medical examination. Officer Calhoun waited for one hour for Christopher's parents to come to the school, as they indicated they would. After waiting for one hour, Calhoun took

Christopher to Akron Children's Hospital to be examined, as authorized by Juv.R. 6.

Christopher was examined by Dr. Helman. Dr. Helman determined that the injuries were not caused by a dog. Christopher then told Dr. Helman and Officer Calhoun that his stepfather caused the bruises "when he was mad at me." Christopher also related other episodes of abuse. Christopher was placed in an emergency foster home.

On September 21, 1990, a complaint was filed. The complaint contained a prayer for temporary custody. Several hearings were held concerning various motions, with appellants represented by counsel, concluding with an adjudicatory hearing on December 6, 1990.

At the adjudicatory hearing, the court heard the testimony of several witness, including Dr. Helman, Officer Calhoun, and received the case report of Crawford. Appellants objected to hearsay testimony of Dr. Helman and Officer Calhoun and prior acts evidence contained in Crawford's report. The court overruled the objections.

Following the hearing, the court adjudicated Christopher an abused child. At the dispositional hearing, the court placed temporary custody in CSB, and placed Christopher with his paternal grandparents.

Appellants raise five assignments of error.

### Assignment of Error I

"The trial court erred as a matter of law by failing to dismiss the action below for the lack of a complaint containing specific allegations of abuse against Mr. & Mrs. Crissman and by failing to review each allegation and obtain admission or denial of each."

The first assignment of error alleges two separate claims. First, appellants allege that the trial court erred when it failed to dismiss the complaint. Second, appellants allege that the trial court erred when it failed to review each allegation of abuse against appellants.

Any person with knowledge that a child is abused, neglected, or dependent may file a complaint with the juvenile court. Juv.R. 10(A). The complaint must state the essential facts, statute sections violated, names and addresses of parents, and be made under oath. Juv.R. 10(B). The complaint must also contain a prayer for custody, specifically requesting permanent or temporary custody, or long-term foster care. R.C. 2151.27(C).

The complaint in the case at bar was in the form of an affidavit of Nancy Crawford of the Summit County Children Services Board. The affidavit sought temporary custody. R.C. 2151.27(C). It contained sufficient factu-

al information to satisfy Juv.R. 10(B)(1). *In re Rutherford* (Apr. 24, 1991), Summit App. No. 14889, unreported, 1991 WL 65113. The affidavit also contained the statute sections alleged to have been violated and the names and known address of the child's parents. Juv.R. 10(B)(2). The affidavit was defective, however, because it was not signed by the affiant (*i.e.*, the complainant) under oath.

Juv.R. 10(B)(3) requires that the complaint be made under oath. The language of Juv.R. 10 indicates that the complainant should be the person who makes the complaint under oath, as required by Juv.R. 10(B)(3). In this case, the complaint, in the form of an affidavit, was made in the name of Nancy Crawford. Crawford's name was printed on the signature line, followed by the initials "LFB." The clear implication is that Crawford did not sign the affidavit. As a result, the complaint was not made by the complainant under oath, in violation of Juv.R. 10.

Appellants raised this defect for the first time at the adjudicatory hearing on December 6, 1990. At that time, appellants moved for dismissal of the complaint because of the defect. The court denied the motion because appellants waived the objection. We agree.

 Juv.R. 22 provides for objections. An objection based on a defect in the complaint must be heard before the adjudicatory hearing by a pre-hearing motion. Juv.R. 22(D)(2). All pre-hearing motions must be filed by the earlier of seven days before the adjudicatory hearing or ten days after the appearance of counsel. Juv.R. 22(E). Appellants did not meet this time requirement. Appellants' counsel made his first appearance in October 1990, several months before the adjudicatory hearing at which the objection was made. Because appellants' objection was not timely, it was waived.

 Appellants also allege that the trial court erred when it did not seek an admission or denial to each allegation in the complaint. We do not agree. According to Juv.R. 29(C), the trial court should ask each party whether she admits or denies each allegation in the complaint. The purpose for this is not to determine whether the parties understand the allegations, as appellants suggest, but rather to determine the course of the hearing.

If a party admits an allegation, the hearing must proceed according to Juv.R. 29(D). If the allegations are denied, the hearing must proceed according to Juv.R. 29(E). In the case at bar, the court followed the procedures required by Juv.R. 29(E). Given appellants' prior conduct before the court, which clearly indicated they would defend against the allegations, the court followed the correct section. See *In re Green* (1982), 4 Ohio App.3d 196, 4 OBR 300, 447 N.E.2d 129. While the juvenile court should strictly adhere to

all of the Juvenile Rules, there was no prejudice in this case. We find no reversible error.

The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred as a matter of law by failing to exclude testimony regarding the out of court statements of Christopher Todd Dukes without the requisite showing of trustworthiness as required by *State of Idaho v. Wright* (1990), 497 U.S. [805], 110 S.Ct. 3139 [111 L.Ed.2d 638] and Evid.R. 601(A)."

The second assignment of error concerns hearsay statements of Christopher. Appellants argue that the United States Supreme Court's decision in *Idaho v. Wright* (1990), 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638, requires their exclusion. We do not agree.

At the adjudication hearing, two witnesses testified regarding statements made by Christopher: Dr. Marty Helman and Officer David Calhoun. Dr. Helman examined Christopher at Children's Hospital. In addition to testifying to Christopher's injuries, Dr. Helman testified about Christopher's statements made during the examination. Officer Calhoun also testified about Christopher's statements made during the examination. According to both witnesses, Christopher stated that the bruises on his upper arm were caused by his stepfather's grabbing him.

Appellants contend that this testimony is inadmissible in light of *Idaho v. Wright*. In *Wright*, the court held that the admission of a child's hearsay statements violated the criminal defendant's Confrontation Clause rights. In the case at bar, however, we are not faced with protecting a criminal defendant's Confrontation Clause rights. *In re Gress* (Apr. 27, 1988), Summit App. No. 13191, unreported, 1988 WL 40403. *Wright* is limited to a criminal trial, not a hearing such as took place in this case.[1]

Appellants also argue that the testimony was inadmissible hearsay. This argument is without merit. Evid.R. 803(3) and 803(4) provide the applicable exceptions to the hearsay rule. According to Evid.R. 803(3), a "statement of the declarant's then existing state of mind, emotion, sensation, or physical condition * * * " is not excluded by the hearsay rule. Likewise, "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations,

---

1. Even if the Confrontation Clause were implicated, appellants' rights were not violated. The testimony in question falls within a firmly rooted hearsay exception and Christopher was unavailable to testify. Evid.R. 803(3) and (4); R.C. 2151.35(A). These are the two requirements for admissibility announced in *Wright.*

or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are not excluded by the hearsay rule. Evid.R. 803(4).

Christopher's statement to Dr. Helman is admissible pursuant to Evid.R. 803(4). Christopher's statement was made for the purpose of medical diagnosis or treatment. The statement also described the inception, cause or external source of the injury. Because the requirements of Evid.R. 803(4) were met, the statement was admissible. See *State v. Miller* (1988), 43 Ohio App.3d 44, 539 N.E.2d 693.

Christopher's statement to Calhoun was also admissible. The statement was of Christopher's then-existing state of mind and physical condition. Because the requirements of Evid.R. 803(3) were met, this statement was admissible.

The second assignment of error is overruled.

### Assignment of Error III

"The trial court erred as a matter of law by admitting out of court statements of Mr. Crissman's alleged but unproven prior bad acts as evidence that he acted in conformity therewith as precluded by Evid.R. 404."

Appellants allege in this assignment of error that the trial court erred by admitting evidence of prior misconduct of Christopher's stepfather. We do not agree.

The evidence to which appellants object was contained in a case file report written by Crawford, the CSB caseworker. The report was properly admitted pursuant to Evid.R. 803(6), which states:

"(6) *Records of regularly conducted activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data complication, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

The evidence of the stepfather's prior abuse was relevant. "Relevant evidence" is evidence which has any tendency to make the existence of any fact more or less probable. Evid.R. 401. All relevant evidence is admissible,

unless specifically excluded. Evid.R. 402. Appellants argue that Evid.R. 404 requires exclusion of this evidence.

Appellants' argument is incorrect. Evid.R. 404(B) specifically allows admission of evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Clearly this evidence is relevant to prove motive, intent, or absence of mistake or accident. *In re Babcock* (Mar. 9, 1990), Sandusky App. No. S–89–4, unreported, 1990 WL 21565.

Appellants' third assignment of error is overruled.

Assignment of Error IV

"The trial court erred as a matter of law by finding that Christopher Todd Dukes is an abused child based upon evidence that does not meet the standard of clear and convincing as mandated by R.C. 2151.35 and Juv.R. 29(E)(4)."

The fourth assignment of error alleges that the trial court erred by finding Christopher is an abused child because the evidence presented was not clear and convincing as required by R.C. 2151.39 and Juv.R. 29(E)(4). We do not agree.

"Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. Where the evidence is in conflict, the trier of fact may determine what evidence should be accepted and what evidence should be rejected. *Id.* at 478, 53 O.O. at 365, 120 N.E.2d at 124. As a reviewing court, we must "examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* at 477, 53 O.O. at 364, 120 N.E.2d at 123.

After reviewing the record in the case at bar, we are convinced that the trial court had before it clear and convincing evidence of abuse. The testimony of Dr. Helman and Officer Calhoun provide clear and convincing evidence of abuse, notwithstanding the contradictory testimony of Dr. Lewandowski. As already stated, the trial court must determine what evidence to accept and what evidence to reject. We cannot say that the court erred in the weight it accorded to each witness' testimony. The trial court also did not err in finding clear and convincing evidence of abuse.

The fourth assignment of error is overruled.

Assignment of Error V

"The trial court erred as a matter of law by placing Christopher Todd Dukes in the temporary custody of his paternal grandparents since the trial court improperly adjudicated the issue of abuse and that said placement does not serve the child's best interests."

Appellants' final assignment of error concerns the trial court's temporary custody placement. The trial court placed Christopher with his paternal grandparents. Appellants assert that the placement is not in Christopher's best interests.

The trial court was within its discretion in placing Christopher with his paternal grandparents. R.C. 2151.353 authorizes the court to place a child with a relative. In making this placement, the court properly considered the steps Christopher's grandparents had taken to prepare for him. The court also properly considered Christopher's past experiences while living with his mother and stepfather. R.C. 2151.35(B)(2)(b). We agree with the court below that placement with the paternal grandparents is in Christopher's best interest.

The fifth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, J., concurs.

BAIRD, P.J., concurs in judgment only.