DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted temporary custody of Jesus T., Jr. ("the child") to the Lucas County Children Services ("LCCS"). For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. Jesus T., Jr., was born on January 16, 2001. On April 30, 2001, LCCS filed a complaint in dependency, neglect and abuse, seeking temporary custody as well as a motion for a shelter care hearing. The complaint resulted from the treatment of the then three month old child for a spiral fracture to his right femur.[1]
After the shelter care hearing on April 30, 2001, temporary custody was granted to LCCS. A guardian ad litem was appointed for the child. Counsel was appointed for appellants, Pabla G. and Jesus T., Sr. On May 31, 2001, counsel for Pabla G. filed a "MOTION FOR EXPERT MEDICAL ASSISTANCE" requesting that the court approve a review by Dr. Mary Clark, a pediatric orthopedic surgeon, who had agreed to see the child on the next day; counsel sought payment for the exam, if Medicaid would not pay for it, as well as payment for Dr. Clark's time in court.
The adjudication hearing was held before a magistrate on June 19, 2001 and continued on July 5, 2001. On June 19, 2001, the guardian ad litem recommended that temporary custody be granted to LCCS. At the conclusion of the hearing, the child was adjudicated an abused child and temporary custody was granted to LCCS with placement in the home of the child's aunt. The motion for the expert witness fee was denied. A motion to withdraw and to appoint new counsel for Pabla G. was made orally at the hearing and was granted. The magistrate's decision was filed on October 3, 2001. On October 9, 2001, appellants filed an objection to the magistrate's decision in regard to the denial of the expert witness fee. The trial court filed a judgment entry overruling appellants' objection and adopting the magistrate's decision. Appellants filed a timely notice of appeal.
Appellants set forth the following three assignments of error:
 "I. THE TRIAL COURT'S RULING THAT THE CHILD WAS ABUSED IN THIS CASE WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 "II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S (SIC) MOTION FOR PAYMENT OF EXPERT WITNESS FEES IN THIS CASE.
 "III. THE COMPLAINT IN THIS MATTER FAILED TO SET FORTH `ESSENTIAL FACTS' REQUIRED BY LAW AND WAS INVALID ON ITS FACE."
In their first assignment of error, appellants argue that the trial court's ruling that the child was abused was not supported by clear and convincing evidence. This court finds no merit in this assignment of error.
A review of the record indicates appellants failed to object in the trial court to the magistrate's finding that the child was abused and, further, to accompany their objections to the magistrate's decision with a transcript[2] of all of the evidence that had been before the magistrate as required by Juv.R. 40(E)(3)(b). This rule provides, in pertinent part:
 "Objection shall be specific and state with particularity the grounds for objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Failure to comply with Juv.R. 40(E)(3)(b) constitutes waiver of the error on appeal. In the Matter of Christian M. (June 5, 1998), Erie App. No. E-97-104. The waiver provision of Juv.R. 40(E)(3)(b) "embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In re Etter (1998), 134 Ohio App.3d 484, 492.
If the objecting party fails to provide the trial court with a transcript so that the court could independently review the findings of fact, the objecting party may only argue on appeal that the trial court abused its discretion in adopting the referee's report based upon the facts found by the magistrate. State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 730 (interpreting Civ.R. 53(E) which parallels Juv.R. 40). The trial court can adopt the magistrate's decision, even if no objections are filed, "unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Juv.R. 40(E)(4)(a). Because appellants did not object to the magistrate's findings of facts and conclusions of law and failed to file a transcript in this case with their objections, they have waived their right to raise this issue on appeal.
Appellate courts have held that a narrow exception to this waiver exists in extremely rare civil cases if plain error is found. See, e.g., In the Matter of Ortego (Mar. 8, 2000), Tuscarawas App. No. 1999AP05003. See, also, In re Dakota Hollin (Mar. 26, 2001), Butler App. No CA2000-05-088. The plain error doctrine is based upon the theory that although permanent custody and dependency proceedings are not criminal in nature, they involve a fundamental liberty interest that is constitutionally protected. Natural parents have a constitu-tionally protected liberty interest in the care and custody of their children.Santosky v. Kramer (1982), 455 U.S. 745, 753. A motion by the state to terminate parental rights "seeks not merely to infringe that fundamental liberty interest, but to end it." Id. at 759.
Upon review of the record and transcript in the matter sub judice, this court is unable to justify invoking the doctrine of plain error under these circumstances. Nothing in the record indicates a challenge to the "legitimacy of the underlying judicial process itself." Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 122. Therefore, appellants' failure to object to the magistrate's report in the trial court as now argued on appeal constitutes a waiver of any alleged error resulting from the magistrate's report under the facts and circumstances of this case.
Accordingly, appellants' first assignment of error is found not well taken.
In their second assignment of error, appellants argue that the trial court erred by denying their motion for payment of the expert witness fee for their expert who testified at the hearing. This court finds no merit in this assignment of error.
Juv.R. 32[3] provides that a court may order and utilize a physical or mental examination at any time after the filing of a complaint. The use of the word "may" is generally construed as optional, permissive or discretionary. In re Fleming (1991), 76 Ohio App.3d 30, 38. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138. Accordingly, this court must determine if the trial court abused its discretion in overruling appellants' motion for payment of the fee of their witness. This is a difficult standard to meet and this court is not persuaded that it was met here.
Appellants cite In re Brown (Nov. 26, 1986), Hamilton App. Nos. C-850878, F.830558 and In re Stanley (Dec. 7, 1993), Franklin App. No. 93AP-972, in support of their argument. In Brown, a permanent custody proceeding, the appellate court found that the trial court erred in denying a mother's request for the appointment of a psychiatric expert to assist her in reviewing and assessing her psychiatric records; the mother's psychiatric condition/mental health was at issue in determining whether her child was dependent. The court stated:
 "The provision for a mental examination under Juv.R. 32 is discretionary with the court. However, the commitment if [sic] a child to the permanent custody of the Department pursuant to 2151.353 (A)(4) permanently divests the natural parents of all parental rights, duties and obliga-tions. R.C. 2151.011
(B)(12). Parents have a fundamental liberty interest in the care, custody and management of their children. Santosky v. Kramer (1982), 455 U.S. 745, 102 S.Ct. 1388. This interest is protected under the guarantee of due process of law set forth in the Fourteenth Amendment to the United States Constitution, id., and under the guarantee of due course of law set forth in Article I, Section 16 of the Ohio Constitution. Proceedings to terminate parental rights interfere with this fundamental liberty interest. Therefore, when a state seeks to terminate parental rights, it must provide a parent with fundamentally fair procedures. Id." (Emphasis added.)
In Stanley, also a permanent custody proceeding, the appellate court found that the trial court erred in not granting the mother funds to employ her own psychologist to assist her at trial. The court stated:
 "Where the juvenile court grants the state's request for a psychological examination of an indigent parent to be performed by an examiner selected and paid by the state [FCCS], the parent is entitled to an expert of his or her own. Funds to employ her own psychologist should have been awarded appellant in order to afford her a meaningful opportunity to rebut the allegations of FCCS's expert. We agree with the court in In re Angelo Brown that `the risk of an erroneous determination on the issue of a parent's mental health, when a state agency presents psychiatric evidence which the parent cannot afford to counter, is extremely high, and the value of access to psychiatric expertise to marshal some defense to the agency's evidence is beyond cavil.' Id. at 11-12. Our holding is limited, however, to situations where the court orders an indigent parent to undergo an evaluation by an examiner selected and paid by the non-parent party seeking to destroy parental rights. In essence, the playing field must be level." (Emphasis added.)
LCCS cites In the matter of Bolser (Jan. 21, 2000), Butler App. Nos. CA99-02-038, CA99-02-048, in support of its argument. In Bolser, the appellate court held that the trial court did not err in refusing to pay for an indigent father's psychiatrist to testify in a temporary custody case. The appellate court noted, however, that the trial court should consider granting the request should permanent custody be sought.
This court finds the following decisions instructive. In In re ShaefferChildren (1993), 85 Ohio App.3d 683, 691, the Third Appellate District concluded:
 "We therefore conclude that Kim Shaeffer's motion for a court-appointed psychiatric expert to assist in the preparation of her defense should have been granted.
 "Having reached this conclusion, we believe it important to clarify the breadth of our decision. We are not holding that due process requires the appointment of a psychiatric expert in every permanent custody proceeding where a parent's mental health is made an issue. However, in this case, because the indigent parent's mental or emotional health was clearly the predominant issue from the outset and ultimately became the determinative issue, and because the parent made a timely request for such assistance, we hold that the assistance of a court-appointed psychiatric expert was mandated by the Fourteenth Amendment to the United States Constitution and by Section 16, Article I of the Ohio Constitution. * * *" (Emphasis added.) See, also, In the Matter of: Angel H. (June 27, 2000), Pickaway App. No. 99AP-944 (Tenth Appellate District finds rule established in In re Stanley (Dec. 7, 1993), Franklin App. No. 93AP-972, is implicated only when the indigent parent's mental condition is central to the dependency, neglect, or abuse determination and/or forms the basis of the agency's motion for permanent custody.). See, also, In the Matter of: Ashley and Charles Q. (July 29, 1993), Pickaway App. Nos. 93CA11, 93CA12 (Fourth Appellate District found that, although perhaps preferable to grant motion for appointment of experts to properly diagnose mother's clinical depression in a permanent custody proceeding, the trial court did not abuse its discretion in overruling motion.)
Based upon the above Ohio case law and upon a thorough review of the record in this case, this court does not find that the trial court abused its discretion in denying appellants' motion for payment of an expert's fee in this temporary custody proceeding.
Accordingly, appellants' second assignment of error is found not well-taken.
In their third assignment of error, appellants argue that the complaint in this matter failed to set forth "essential facts" required by law and was invalid on its face. This court finds no merit in this assignment of error.
"An objection based on a defect in the complaint must be heard before the adjudicatory hearing by a pre-hearing motion. Juv.R. 22(D)(2)." Inre Dukes (1991), 81 Ohio App.3d 145, 150. Failure to file a timely objection to a purported defect in the complaint constitutes waiver. Id. See, also, In re Hunt (1976), 46 Ohio St.2d 378, 380-81 (under the procedural framework of Juv.R. 22, appellant had the opportunity to file motions to dismiss based upon the insufficiency of the complaint); In reVanek (Sept. 29, 1995), Ashtabula App. No. 95-A-0027,(appellant's failure to timely object at the appropriate time pursuant to Juv.R. 22 precludes her from now claiming that the complaint was defective). Appellants failed to timely object at the appropriate time pursuant to Juv.R. 22 and, thus, are precluded from now claiming that the complaint was defective.
Accordingly, appellants' third assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, and Richard W. Knepper, JJ. CONCUR.
James R. Sherck, J. CONCURS IN PART AND DISSENTS IN PART.
[1] {¶ a} The femur is the bone located in the thigh.
[2] {¶ b} Under Juv.R. 40(E)(3)(b), the party objecting has the burden of demonstrating those objections through the record. Failure to provide an acceptable record to the trial court allows the trial court to disregard any objections to factual matters which have been challenged. Furthermore, because appellants failed to provide a transcript or affidavit of the evidence as required by Juv.R. 53(E)(3)(b), they cannot now challenge the trial court's adoption of any of the magistrate's findings of fact and conclusions of law. In the matter of O'Neal (Nov. 24, 2000), Ashtabula App. No. 99-A-0022, unreported; In the matter ofPollis (May 8, 1998), Trumbull App. No. 97-T-0066, unreported. The transcript was filed in the trial court on December 10, 2001 and in this court on December 11, 2001.
[3] {¶ c} Juv.R. 32 provides in part:
 {¶ d} "(A) Social history and physical or mental examination: availability before adjudication. The court may order and utilize a social history or physical or mental examination at any time after the filing of a complaint under any of the following circumstances:
 {¶ e} "(1) Upon the request of the party concerning whom the history or examination is to be made;
{¶ f} "* * *
 {¶ g} "(3) Where a material allegation of a neglect, dependency, or abused child complaint relates to matters that a history or examination may clarify;
{¶ h} "* * *
 {¶ i} "(B) Limitations on preparation and use. Until there has been an admission or adjudication that the child who is the subject of the proceedings is a juvenile traffic offender, delinquent, unruly, neglected, dependent, or abused, no social history, physical examination or mental examination shall be ordered except as authorized under subdivision (A) and any social history, physical examination or mental examination ordered pursuant to subdivision (A) shall be utilized only for the limited purposes therein specified. The person preparing a social history or making a physical or mental examination shall not testify about the history or examination or information received in its preparation in any juvenile traffic offender, delinquency, or unruly child adjudicatory hearing, except as may be required in a hearing to determine whether a child should be transferred to an adult court for criminal prosecution."