JOURNAL ENTRY and OPINION
Appellant Danielle N. (mother) appeals from the juvenile court's order granting Cuyahoga County Department of Children and Family Services (CCDCFS) permanent custody of her children, Jeremy (d.o.b. 3/5/96) and Noah (d.o.b. 11/6/97). We find merit to the appeal and reverse and remand the matter for proceedings consistent with this opinion.
The children were removed from the mother's custody on January 7, 1999. Emergency custody was subsequently given to CCDCFS. On January 5, 2000, CCDCFS filed a complaint in juvenile court seeking permanent custody of Noah and Jeremy based on alleged neglect. On May 30, 2000, an adjudicatory hearing was conducted at which the complaint was amended to reflect the children were dependent, and the mother allegedly entered an admission, which resulted in the trial court's finding the children were dependent. The trial court apparently failed to record these proceedings, but an App.R. 9(C) statement was submitted on appeal.
Four months later, the juvenile court commenced hearings on the disposition of the children. After six separate days of hearings, which were conducted over six months, the trial court awarded permanent custody to CCDCFS.
The mother now appeals and assigns eight errors for review.
 I. THE JUVENILE COURT ERRED BY FAILING TO HOLD AN ADJUDICATORY HEARING FOR NEGLECT THEN PRECEDING DIRECTLY TO A DISPOSITIONAL HEARING WITHOUT SERVICE UPON THE FATHER AND FINDINGS CONSISTENT WITH AN ADJUDICATION TRIED THE DEPENDENCY DURING THE DISPOSITIONAL PHASE OF THE HEARING FOR PURPOSES OF PERMANENT CUSTODY AND THUS DENIED APPELLANT HER DUE PROCESS RIGHTS. THE TRIAL COURT FAILED TO MAKE A PROPER RECORD ACCORDING TO JUVENILE RULE 37.
A review of the record indicates that the juvenile court failed to record the adjudicatory hearing held on May 20, 2000. In an attempt to rectify this matter, an approved App.R. 9(C) statement was adopted by the trial court, after incorporating the State's objections. Although the mother was the one who initially attempted to create an App.R. 9(C) statement, she now alleges in her first assignment of error, among other things, that the trial court's failure to record the proceedings was in violation of Juv.R. 37(A), and the matter must be reversed and remanded for a new hearing. We agree.
Juv.R. 37(A) states:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device. (Emphasis added).
This court has consistently held that a trial court's failure to record juvenile proceedings as required by Juv.R. 37(A), as amended July 1, 1996, constitutes reversible error. See In re Garcia (Apr. 12, 2001), Cuyahoga App. No. 78153; In re Henderson (Mar. 8, 2001), Cuyahoga App. No. 76695; In the Matter of: Jacque A. Clayton (Nov. 9, 2000), Cuyahoga App. No. 75757; In re Mason (July 13, 2000), Cuyahoga App. No. 76532; In re Goff (June 17, 1999), Cuyahoga App. No. 75328; In re Collins (1998),127 Ohio App.3d 278; In re McAlpine (Dec. 3, 1998), Cuyahoga App. No. 74256; In re Ward (June 12, 1997), Cuyahoga App. No. 71245; In re Solis (1997), 124 Ohio App.3d 547, 551.
We have also held that an App.R. 9(C) statement does not absolve the juvenile court's duty, pursuant to Juv.R. 37(A), to provide a record. In re K.J. (May 23, 2002), Cuyahoga App. No. 79612/79990; In re Garcia, supra; In re Hart (Dec. 9, 1999), Cuyahoga App. No. 75326.
Although the State argues that an App.R. 9(C) statement was appropriate here since only a stipulation was entered and no evidence presented, we disagree. When accepting a stipulation by a party at an adjudicatory proceeding, the trial court must adhere to Juv.R. 29(D) in order to determine the admission was voluntarily entered. As the court stated in In re: Etter and Young (1998), 134 Ohio App.3d 484, 489:
 While the rule is normally thought of in the context of delinquency hearings, reviewing courts have recognized that faithful adherence to Juv.R. 29(D) is of "utmost importance" in dependency cases that threaten the permanent loss of parental rights. Elmer v. Lucas Cty. Children Services Bd. (1987), 36 Ohio App.3d 241, 245, 523 N.E.2d 540, 545. The right of a parent to raise his or her child is considered an "essential" and "basic" civil right. In re Murray (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, 1171, quoting Stanley v. Illinois (1972), 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551. The Ohio Supreme Court has even characterized the loss of this right as "`the family law equivalent of the death penalty.'" In re Hayes (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680, 682, quoting In re Smith (1991), 77 Ohio App.3d 1, 16, 601 N.E.2d 45, 54.
 Juv.R. 29(D) is, therefore, no less applicable in the adjudicatory phase of a dependency proceeding than it is in a delinquency hearing. In re Dukes (1991), 81 Ohio App.3d 145, 150, 610 N.E.2d 513, 517. As observed by the Ohio Supreme Court in Hayes, parents in dependency proceedings "`must be afforded every procedural and substantive protection the law allows.'" Hayes, supra, at 48, 679 N.E.2d at 682, quoting Smith, supra, at 16, 601 N.E.2d at 54.
The mother argues it was illogical and inappropriate for her to stipulate as the State contends. Due to the juvenile court's failure to provide a complete record as required by Juv.R. 37, we have no means to independently determine the voluntariness of the mother's stipulations or to what in fact she stipulated.
The mother's first assignment of error is sustained as to the trial court's failure to provide a record of the adjudicatory hearing. The remaining arguments contained in the first assignment of error are moot. App.R. 12(A)(1)(c). The matter is reversed and remanded for a new hearing.
 II. THE JUVENILE COURT ERRED AND ABUSED ITS DISCRETION BY TERMINATING PARENTAL RIGHTS AS TO JEREMY AND NOAH N. [LAST NAME OMITTED BY COURT] WHEN SERVICE HAD NOT BEEN PROPERLY MADE ON THEIR FATHER IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION THUS PREJUDICING THE APPELLANT.[1]
 III. MS. N.'S [LAST NAME OMITTED BY COURT] MINOR CHILDREN WERE DENIED THEIR RIGHT TO COUNSEL AND THE COURT ERRED BY NOT APPOINTING AN ATTORNEY TO REPRESENT THE MINOR CHILDREN IN VIOLATION OF JUVENILE RULE 4 AND R.C. 2151.352.
 IV. THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF'S EXPERT TESTIMONY WHERE IT WAS NOT SCIENTIFICALLY RELIABLE AS A MATTER OF LAW AND DID NOT SATISFY THE STANDARD ILLUMINATED IN STATE V. DAUBERT.
 V. THE JUVENILE COURT ERRED AND ABUSED ITS DISCRETION BY CONDUCTING THE PERMANENT CUSTODY TRIAL AS IF AT DISPOSITION, ALLOWING HEARSAY IN VIOLATION OF JUVENILE RULE 34(I) AND TOTALLY DISREGARDING THE RULES OF EVIDENCE.
 VI. TRIAL COUNSEL'S FAILURE TO REQUEST SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW; FAILURE TO OBJECT TO THE COURT'S FAILURE TO HOLD AN ADJUDICATORY HEARING AND PROCEED DIRECTLY TO DISPOSITION; FAILURE TO OBJECT TO PROCEEDING WHEN SERVICE OF SUMMONS HAD NOT BEEN PROPERLY SERVED UPON ALL THE PARTIES; FAILURE TO REQUEST THAT AN ATTORNEY BE APPOINTED TO REPRESENT THE CHILDREN; FAILURE TO OBJECT TO THE TESTIMONY OF DR. A-Z AS VIOLATIVE OF THE RULES OF EVIDENCE AND FAILURE TO OBJECT TO HEARSAY TESTIMONY, EFFECTIVELY DEPRIVED THE APPELLANT OF THE DUE PROCESS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL; FAILURE TO OBJECT TO NO CASE PLAN.
 VII. THE JUVENILE COURT ERRED AND ABUSED ITS DISCRETION IN FINDING DEPENDENCY AND PERMANENT CUSTODY TO CCDCFS AS THE STATE DID NOT MEET THE REQUISITE BURDEN OF PROOF AND THE JUDGMENT WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE NOR WERE THE REQUISITE FINDINGS JOURNALIZED BY THE COURT IN ITS FINDING OF DEPENDENCY.
 VIII. THE JUVENILE COURT ERRED AND ABUSED ITS DISCRETION AND VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS THAT IS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION IN PREPARATION OF ITS 9(C)(11(B) [SIC] RECORD BY ADOPTING VERBATIM THE PROSECUTOR'S VERSION OF EVENT.
Due to the disposition of the first assignment of error, the above assignments are moot and need not be addressed. App.R. 12(A)(1)(c).
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and DIANE KARPINSKI, J. CONCUR.
[1] This assignment of error was withdrawn at oral argument.