DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, E.V. appeals an order of the Lorain County Court of Common Pleas, Juvenile Division, finding him to be a delinquent child by reasons of having committed rape, finding him to be a serious youthful offender, and classifying him as a Tier III sex offender, thereby requiring him to comply with the various registration duties applicable to such classification. We reverse and remand.
 {¶ 2} On October 7, 2007, a complaint was filed against E.V. alleging that he had violated his probation by committing the offense of rape in violation of R.C. 2907.02(A), a first-degree felony if committed by an adult. It was alleged that E.V. had sex with a twelve-year old girl from June 1, 2007, through September 16, 2007. A standing order hearing was conducted on October 25, 2007. E.V. and his parents were present, and all three parties waived their right to counsel for the purposes of the standing order hearing. After being advised of the nature of the charges and possible consequences, E.V. requested counsel to represent him going forward. *Page 2 
 {¶ 3} On November 1, 2007, the State filed its notice of intent to seek serious youthful offender designation. On December 7, 2007, E.V. was arraigned and denied the charges. On December 21, 2007, the trial court held a hearing after which the trial court issued a judgment entry that stated that E.V. withdrew "his former plea of not guilty and enter[ed] a plea of guilty[.]" On January 25, 2008, a disposition hearing was held during which the trial court determined, and defense counsel agreed, that the court was required to find that E.V. was a mandatory serious youth offender. The trial court then imposed a blended sentence of three years in prison, which sentence was suspended pending successful completion of a one year commitment to the Department of Youth Services. E.V. timely appealed and raises seven assignments of error.
 Assignment of Error I "The trial court erred when it accepted E.V.'s admission to rape, when his admission was not knowing, intelligent, and voluntary. (Dec. 21, 2007, T.pp. 2-13). Juv. R. 29. This was a violation of the Fifth and Fourteenth Amendments to the United States Constitution; Article I, Sections 10 and 16 of the Ohio Constitution."
 {¶ 4} In this first assignment of error, E.V. argues that his plea was not knowing, intelligent and voluntary in violation of Juv. R. 29 and his constitutional rights. We agree with E.V., but for different reasons. Despite the trial court's December 21, 2007 judgment entry, the record does not demonstrate that E.V. "pled" or admitted to the charges.
 {¶ 5} During the December 21, 2007 hearing, E.V.'s counsel stated that it was her "understanding, after discussing the matter with both [E.V.] and his parents, that he would be entering an admission to the charge of F-1 rape today." The Court then addressed E.V. and advised him of the nature of the crime; the possible term of incarceration; that he would be waiving his right to a trial; that he would be waiving his right to present witnesses and confront *Page 3 
the State's witnesses; that he had the right to remain silent and could not be forced to testify; and that he had the right to force the State to prove its case beyond a reasonable doubt. E.V. indicated that he understood these rights and intended to waive them. E.V. also stated that he understood what would happen to him if he admitted to the charges and that his admission was being done freely and voluntarily and was not given under the influence of any drugs or alcohol. The trial court did not, however, expressly ask E.V. if he admitted the charges and E.V. did not make such admission.
 {¶ 6} Thus, we find nothing in the record to support the trial court December 21, 2007 entry finding that E.V. "pled guilty." As we stated inIn Re Dukes (1991), 81 Ohio App.3d 145,
 "the trial court should ask each party whether she admits or denies each allegation in the complaint. The purpose for this is not to determine whether the parties understand the allegations, * * * but rather to determine the course of the hearing. If a party admits an allegation, the hearing must proceed according to Juv. R. 29(D). If the allegations are denied, the hearing must proceed according to Juv. R. 29(E)."
 {¶ 7} We need not determine whether E.V.'s "admission" was knowingly, voluntarily and intelligently made. Here, this matter proceeded without an admission or a denial as required by Juv. R. 29(C). E.V.'s first assignment of error is sustained for the reasons set forth above and this matter is remanded for proceedings consistent with this opinion.
 Assignment of Error II "The trial court erred when it found that E.V. was subject to a mandatory serious youthful offender disposition when E.V. was subject only to a discretionary serious youthful offender disposition. R.C. 2152.11(D) (Jan.25, 2007, T.p. 7; A-1)."
 Assignment of Error III "The trial court erred when it applied Senate Bill 10 to E.V. as Senate Bill 10 violates a juvenile's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution." *Page 4 
 Assignment of Error IV "The trial court erred when it applied Senate Bill 10 to E.V., as Senate Bill 10 violates his right to equal protection under the law. Fourteenth Amendment to the United States Constitution; Article I, Section 2 of the Ohio Constitution."
 Assignment of Error V "The trial court erred when it retroactively applied Senate Bill 10 to E.V., as the retroactive application of Senate Bill 10 violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. Article I, Section 10
of the United States Constitution and Article II, Section 28, of the Ohio Constitution."
 Assignment of Error VI "The trial court erred when it applied Senate Bill 10 to E.V., as Senate Bill 10 violates the prohibition against cruel and unusual punishments. Eighth Amendment to the United States Constitution."
 Assignment of Error VII "E.V. was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. R.C. 2152.11; R.C. 2152.86. (Dec. 21, 2007, T.pp. 2-13; Jan. 25, 2007, T.p. 7)."
 {¶ 8} In his second assignment of error, E.V. argues that, pursuant to R.C. 2152.11(D), he should have been subject to a discretionary serious youth offender disposition rather than a mandatory serious youth offender disposition. In his third, fourth, fifth, and sixth assignments of error, E.V. challenges the constitutionality of the Adam Walsh Act both on its face and as applied to him. In his last assignment of error, E.V. argues that he was denied the effective assistance of counsel. Based on our resolution of E.V.'s first assignment of error, these assignments of error are moot and we decline to address them. See App. R. 12(A)(1)(c).
 {¶ 9} E.V.'s first assignment of error is sustained. His second, third, fourth, fifth, sixth, and seventh assignments of error are moot. The judgment of the Lorain County Court of *Page 5 
Common Pleas, Juvenile Division, is reversed and this matter is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 CARR, P. J., WHITMORE, J., CONCUR *Page 1